# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Margaret A. Eberly and Barbara J. Pavelik, Plaintiffs,

v.

Advanced Flooring & Design Division of ISI, LLC; Archer Exteriors, Inc.; Crossroads Enterprises, LLC; D.R. Horton, Inc.; East Coast Construction Cleanup Corp.; Hutton's Landscapes, Inc.; Lather Construction SC, Inc.; Lather Construction, Inc.; Professional Drywall & Paint Services, LLC; Professional Exteriors II, LLC; and Valim Construction, LLC, Defendants,

Of which D.R. Horton, Inc. is the Petitioner,

And

Hutton's Landscapes, Inc.; Lather Construction SC, Inc.; and Lather Construction, Inc. are the Respondents.

Appellate Case No. 2022-001719

———

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———

Appeal from Beaufort County
Bentley Price, Circuit Court Judge

———

Opinion No. 28199
Submitted April 15, 2024 – Filed April 24, 2024

———

# REVERSED AND REMANDED

Carl F. Muller, of Carl F. Muller, Attorney at Law, P.A., of Greenville; Thomas Elihue Dudley, III, John T. Crawford, Jr. and Jason Michael Imhoff, of Kenison Dudley & Crawford, LLC, of Greenville, all for Petitioner.

Emily Gifford Lucey, of Richardson Plowden & Robinson, of Mt. Pleasant, and Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, of Columbia, both for Respondent Hutton's Landscapes, Inc.; Scott Harris Winograd, Jeffrey A Ross, Philip Paul Cristaldi, III, and Brenten Heath DeShields, all of Ross & Cristaldi, LLC, of Mount Pleasant, for Respondents Lather Construction SC, Inc. and Lather Construction, Inc.

**PER CURIAM:** We granted a petition for a writ of certiorari to review an order of the court of appeals dismissing this appeal because the notice of appeal was not timely served. We reverse and remand.

In this case, two plaintiffs filed an action against a home builder—D.R. Horton—and various subcontractors. D.R. Horton filed cross-claims against the subcontractors. The circuit court granted summary judgment against D.R. Horton on its cross-claims against Hutton's Landscapes, Inc. and Lather Construction, Inc., by order filed March 11, 2022. The circuit court denied D.R. Horton's Rule 59(e), SCRCP, motion on March 24, 2022.

D.R. Horton electronically filed (E-Filed) a notice of appeal in the circuit court E-Filing System on April 11, 2022. *See* Rule 203(d)(1)(A), SCACR (requiring that a notice of appeal from the circuit court be filed with the clerk of the circuit court and the clerk of the appellate court). Pursuant to the provisions of the South Carolina Electronic Filing Policies and Guidelines (SCEF), all the parties were served with a Notice of Electronic Filing (NEF) that was automatically transmitted by e-mail to all counsel immediately after the notice of appeal was E-Filed. *See* Section 4(e)(2), SCEF ("[U]pon the E-Filing of any pleading, motion, or other paper subsequent to the summons and complaint or other filing initiating a case, the E-Filing System will automatically generate and transmit an NEF to all Authorized E-Filers associated

with that case," and "the E-Filing of that pleading, motion, or other paper, together with the transmission of an NEF, constitutes proper service under Rule 5, SCRCP, as to all other parties who are E-Filers in that case.").  This notice of appeal specified that D.R. Horton was appealing the order granting the motions for summary judgment filed by Lather Construction and Hutton's Landscapes, and copies of the order granting summary judgment and the order denying D.R. Horton's Rule 59(e) motion were E-Filed together with the notice of appeal.

D.R. Horton subsequently filed a notice of appeal with the court of appeals on April 13, 2022.  The certificate of service filed with this notice of appeal indicates only the clerk of the circuit court and counsel for the plaintiffs, rather than counsel for Lather Construction and Hutton's Landscapes or any other parties, were served with the notice by U.S. Mail.  On April 28, 2022, after the thirty-day deadline to serve any notice of appeal passed, D.R. Horton filed an amended notice of appeal correcting the caption of the case and including proof of service on counsel for all parties.  *See* Rule 203(b)(1), SCACR (requiring that a notice of appeal be served on all respondents within thirty days after receipt of written notice of entry of the order or judgment).

Lather Construction and Hutton's Landscapes filed motions to dismiss, arguing D.R. Horton failed to timely serve a notice of appeal on them by a method authorized under the South Carolina Appellate Court Rules.  In its order dismissing the appeal, the court of appeals found D.R. Horton failed to timely serve the notice under Rule 262 of the South Carolina Appellate Court Rules.  The court further found the attempt of electronic service by NEF was not in compliance with this Court's order governing electronic service under Rule 262, SCACR.  *See Methods of Electronic Filing and Service Under Rule 262 of the South Carolina Appellate Court Rules*, S.C. Sup. Ct. Order (as amended May 6, 2022).

At the time of service of this notice of appeal, Rule 262, SCACR, permitted service by personal delivery, U.S. Mail, or "by electronic means in a manner provided by order of the Supreme Court of South Carolina."  The order cited in the rule provides that "[a] lawyer admitted to practice law in South Carolina may serve a document on another lawyer admitted to practice law in South Carolina using the lawyer's primary e-mail address listed in the Attorney Information System (AIS)."  *Methods*

*of Electronic Filing and Service Under Rule 262 of the South Carolina Appellate Court Rules*, para. (d)(1), S.C. Sup. Ct. Order (as amended May 6, 2022).[1]

The language in these rules and orders has created confusion over whether service by NEF meets the requirements for serving a notice of appeal under the South Carolina Appellate Court Rules. This confusion is understandable given that Rule 203 mandates a notice of appeal be filed in the lower court in addition to the appellate court, and any court where E-Filing is mandated or authorized provides for automatic service of E-Filed documents. Furthermore, NEFs generated by the E-Filing System affirmatively state that service is complete and list the parties who have been served and any other parties that may need to be served by some other method of service.

Today, we resolve this confusion by issuing an amended order under Rule 262, SCACR, concerning the permissible methods of service of a notice of appeal. In addition to other forms of authorized electronic service, that order states a notice of appeal may be served in accordance with any Electronic Filing Policies and Guidelines, or other similar rules established by order of this Court, that permit the electronic filing and service of documents. *Methods of Electronic Filing and Service Under Rule 262 of the South Carolina Appellate Court Rules*, S.C. Sup. Ct. Order (as amended April 24, 2024).

Further, because there was no appropriate guidance with respect to this issue at the time of the service of this notice of appeal, we reverse the court of appeals' order dismissing the appeal and hold that automatic service of the NEF upon the E-Filing

---

[1] The Supreme Court first allowed service by e-mail in an order addressing the COVID emergency. *Operation of the Appellate Courts During the Coronavirus Emergency*, para. (g)(3), S.C. Sup. Ct. Order filed March 20, 2020 ("During this emergency, this Court authorizes a lawyer admitted to practice law in this state to serve a document on another lawyer admitted to practice law in this state using the lawyer's primary e-mail address listed in the Attorney Information System (AIS)."). The Court subsequently amended Rule 262(a) and (c), SCACR, to provide that, in addition to traditional methods of filing and service, documents in appellate cases may be filed and served "by electronic means in a manner provided by order of the Supreme Court of South Carolina," and the Court promulgated the above-referenced order incorporating the provisions of the emergency order with respect to service by e-mail.

of a notice of appeal constitutes proper service of the notice of appeal as to parties who are represented by counsel and proceeding in the E-Filing System.[2] We remand to the court of appeals for consideration of the merits of the appeal.

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**

---

[2] Service of the notice of appeal by NEF would not be effective for a self-represented party because NEFs are only transmitted to Authorized E-Filers, and the only current Authorized E-Filers are attorneys who are licensed to practice in this state. *See* Section 4(e)(2), SCEF ("NEFs are only transmitted via email to Authorized E-Filers who are counsel of record"); Section 4(e)(5), SCEF ("E-Filed motions, pleadings, or other papers that must be served upon a party who is not represented by an Authorized E-Filer in the case or who is a Traditional Filer must be served by a Traditional Service method in accordance with Rule 5, SCRCP, or any order of the Supreme Court issued under Rule 613, SCACR.").